Robert P. Goe – State Bar No. 137019
Brandon J. Iskander – State Bar No. 300916
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210, Bldg. D
Irvine, CA 92614
rgoe@goeforlaw.com
biskander@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Proposed Attorneys for Plaintiff Charles W. Daff,
Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>DEBRA ANN GUILIANO,<br>*aka* DEBRA ANN GIULIANO.<br>*fka* DEBRA MORLEY,<br>*fka* DEBRA O'FARRELL,<br><br>    Debtor.<br>_____<br><br>CHARLES W. DAFF, solely in his capacity as chapter 7 trustee for the bankruptcy estate of DEBRA ANN GUILIANO,<br><br>    Plaintiff,<br><br>v.<br><br>JENNIFER O'FARRELL, an individual, and PEGGY O'FARRELL, an individual,<br><br>    Defendants. | Case No.  6:24-bk-15961-WJ<br><br>Chapter 7 Proceeding<br><br>Adv. No.: 6:24-ap-_____-WJ<br><br>**VERIFIED COMPLAINT FOR:**<br><br>1.  **QUIET TITLE [11 U.S.C. § 105];**<br><br>2.  **CANCELATION OF INSTRUMENTS [11 U.S.C. § 105];**<br><br>3.  **DECLARATORY RELIEF [11 U.S.C. §§ 362, 541; FED. R. BANKR. P. 7001(9)];**<br><br>4.  **AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFER AND RECOVERY OF SAME [11 U.S.C. §§ 549, 550];**<br><br>5.  **PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551]; and**<br><br>6.  **DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)]** |

1

Charles W. Daff ("Trustee"), solely in his capacity as the duly-appointed, qualified, and acting Chapter 7 trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of Debra Ann Guiliano ("Debtor"), hereby brings this Complaint against Jennifer O'Farrell and Peggy O'Farrell, two individuals, and respectfully complains and alleges as follows:

## I. SUBJECT MATTER JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property), 7001(7) (a proceeding to obtain an injunction or other equitable relief), and 7001(9) (a proceeding to obtain a declaratory judgment).

2. Plaintiff, as Trustee for the Debtor's Estate has standing to bring this action under 11 U.S.C. §§ 323, 362, 541, 542, 549, 550, and 551.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Debtor's bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Riverside Division entitled *In re Debra Guiliano*, Case No. 6:24-bk-15961-WJ filed on October 4, 2024 ("Petition Date") on the Court's docket.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (b)(2)(O) (other proceedings affecting the liquidation of the assets of the estate). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $27,750.00.

## II. THE PARTIES

6. Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee for the Debtor's Estate, and brings the claims asserted herein solely in that capacity.

\\\

2

7.      Plaintiff is informed and believes and thereon alleges that Defendant Jennifer O'Farrell (hereinafter "Defendant Jennifer") is an individual residing in the County of San Bernardino, State of California.  The Trustee is informed and believes that Defendant Jennifer is the Debtor's former spouse.

8.      Plaintiff is informed and believes and thereon alleges that Defendant Peggy O'Farrell (hereinafter "Defendant Peggy") is an individual residing in the County of San Bernardino, State of California.  The Trustee is informed and believes that Defendant Peggy is the Defendant Jennifer's mother and the Debtor's former mother-in-law.

## III.    GENERAL ALLEGATIONS

9.      The allegations contained in paragraphs 1-8, inclusive, are re-alleged and incorporated herein by this reference, as though set forth in full.

10.     On October 4, 2024 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code initiating the case of *In re Debra Ann Guiliano*, Case No. 6:24-bk-15961-WJ ("Main Bankruptcy Case") before the United States Bankruptcy Court, Central District of California, Riverside Division.

11.     Charles W. Daff is the duly appointed, qualified, and acting Chapter 7 Trustee for the Debtor's Estate.

12.     On the Petition Date, all of the Debtor's interests in property wherever located and by whomever held became property of the Debtor's Estate. 11 U.S.C. § 541.

13.     On the Petition Date, all of the Debtor's and Defendant Jennifer's interests in community property became property of the Debtor's Estate. 11 U.S.C. § 541(a)(2).

14.     The Trustee is informed and believes and based thereon alleges that on July 16, 2008, Debtor and Defendant Jennifer were married.

15.     On February 22, 2013, Defendant Peggy and Defendant Jennifer purchased the real property located at 323 Dixie Lee Lane, Sugarloaf, CA 92386-9712, Assessor's Parcel Number 2350-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 ("Property") by Grant Deed recorded in the Official Records of the San Bernardino County Recorder's Office as Doc. No. 2013-0077253, with title vesting in "Peggy

Marie O'Farrell, an unmarried woman and Jennifer Elizabeth O'Farrell, a single woman, as Joint Tenants."  A true and correct copy of the February 2013 grant deed is attached hereto and incorporated herein as **Exhibit "1."**

16.    On February 18, 2016, Defendant Peggy and Defendant Jennifer transferred an interest the Property to Debtor by Grant Deed recorded in the Official Records of the San Bernardino County Recorder's Office as Doc. No. 2016-0062651, with title vesting in "Peggy Marie O'Farrell, an unmarried woman, Jennifer Elizabeth O'Farrell and Debra Ann O'Farrell a married couple as Joint Tenants."  The Trustee is informed and believes that on February 18, 2016, a 50% interest in the Property became vested in Debtor and Defendant Jennifer as community property notwithstanding title being vested in joint tenancy. *In re Brace*, 9 Cal. 5th 903 (2020).  A true and correct copy of the February 2016 grant deed is attached hereto and incorporated herein as **Exhibit "2."**

17.    The Trustee is informed and believes and based thereon alleges that on October 23, 2020, Debtor and Defendant Jennifer's marriage was terminated by stipulated judgment entered by the San Bernardino Superior Court (hereinafter "Family Court") in *O'Farrell v. O'Farrell*, Case No. FAMVS-200389 (hereinafter "Stipulated Judgment").  Pursuant to the Stipulated Judgment, Debtor was awarded certain property including the real property located at 9230 Willow Wells Avenue, Lucerne Valley, CA 92356, and Defendant Jennifer was awarded certain property, including the Property.

18.    The Trustee is informed and believes and based thereon alleges that the Stipulated Judgment was never recorded.  Marital property agreements may be recorded, and the effect of "nonrecording" a marital property agreement is the same as "nonrecording" any grant deed.  Cal. Fam. Code § 1502.  A true and correct copy of the October 23, 2020 Stipulated Judgment is attached hereto and incorporated herein as **Exhibit "3."**

19.    The Trustee is informed and believes based on conversations with the Debtor that Debtor felt compelled to agree to the Stipulated Judgment because she lacked funds to litigate equalization of the community estate.  The Trustee is investigating whether the Stipulated Judgment

is an avoidable fraudulent transfer and reserves the right to amend this Complaint to assert such claims or to file a separate Complaint to avoid the Stipulated Judgment, which was entered within four (4) years before the Petition Date.

20.    On November 6, 2024, the Trustee conducted the initial meeting of creditors in the Main Bankruptcy Case and examined the Debtor under oath.  During the meeting, Debtor admitted that she was pressured post-petition to execute and deliver a deed transferring the Property to Defendant Jennifer and Defendant Peggy.  Although the Trustee urged Debtor to do what she could to prevent the recordation of any post-petition deed transferring real property, the Trustee discovered that on November 6, 2024, an Interspousal Transfer Deed was recorded in the Official Records of the San Bernardino County Recorder's Office as Doc. No. 2024-0266756, transferring the Property to "PEGGY O'FARRELL, AN UNMARRIED WOMAN, AND JENNIFER O'FARRELL, A MARRIED WOMAN AS HER SOLE & SEPARATE PROPERTY as JOINT TENANTS WITH RIGHT OF SURVIVORSHIP" (hereinafter "Unauthorized Transfer").  A true and correct copy of the November 2024 Interspousal Transfer Deed constituting the Unauthorized Transfer is attached hereto and incorporated herein as **Exhibit "4."**

21.    The Trustee subsequently caused a certified copy of the Debtor's bankruptcy petition to be recorded in the Official Records of the San Bernardino County Recorder's Office on November 7, 2024.

## **FIRST CLAIM FOR RELIEF**
### **[Quiet Title]**
### **[11 U.S.C. §§ 549 & 550]**

*Against All Defendants*

22.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 as though set forth in full.

23.    On December 12, 2018, the Family Court in the case *O'Farrell v. O'Farrell*, Case No. FAMVS-200389, entered a Stipulated Judgment terminating the marriage of Debtor and Defendant Jennifer. Pursuant to the Stipulated Judgment, the Property was allegedly to be held by Defendant Jennifer as her sole and separate property.

24.     The Plaintiff is informed and believes and thereon alleges that at the time of the Dissolution Judgment, the Debtor was insolvent as defined in 11 U.S.C. § 101(32) and unable to defend herself in the Family Court proceeding.

25.     The Plaintiff is informed and believes and thereon alleges that had the Property been transferred before the Petition Date to Defendant Jennifer as her sole and separate property, the Plaintiff would have had the right to avoid such transfer as a fraudulent transfer intended to and/or having the constructive effect of hindering, delaying, and defrauding the Debtor's creditors. *Wolkowitz v. Beverly (In re Beverly)*, 374 B.R. 221 (B.A.P. 9th Cir. 2007), *aff'd*, 551 F. 3d 1092 (9th Cir. 2008).

26.     The Plaintiff is informed and believes and thereon alleges that neither an abstract of judgment reflecting the Stipulated Judgment was recorded in the Official Records of the San Bernardino County Recorder's Office nor was title otherwise transferred from the Debtor before the Unauthorized Transfer.

27.     The Plaintiff is informed and believes and thereon alleges that as the Stipulated Judgment granted an alleged, disputed, and unperfected right to the Property as sole and separate property and as Defendant Jennifer did not obtain title to the Property as sole and separate property, Defendant Jennifer was at most a creditor of Debtor's Estate on the Petition Date.

28.     The Plaintiff is informed and believes that any action by a creditor to obtain possession of property of the estate or to obtain possession of property from the estate or to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy are automatic stay violations.  11 U.S.C. §§ 362(a)(1), (a)(3), & (a)(6).

29.     Plaintiff is informed and believes and on such information alleges that Defendant Jennifer and Defendant Peggy are claiming an interest adverse to Plaintiff in the Property as owners to the exclusion of the Trustee on behalf of Debtor's Estate.

30.     In the Ninth Circuit, where this Adversary Proceeding arises, violations of the automatic stay are void as a matter of law, not merely voidable. *Schwartz v. United States*, 954 F.2d 569, 571 (9th Cir. 1992).

31.     Plaintiff is informed and believes and thereon alleges that the Unauthorized Transfer is void as a matter of law.

32.     Plaintiff seeks to quiet title to the Property as of the Petition Date.

## SECOND CLAIM FOR RELIEF
### [Cancelation of Instruments]
### [11 U.S.C. §§ 105, 362]

*Against All Defendants*

33.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 as though set forth in full.

34.     Plaintiff is informed and believes and thereon alleges that Defendant Jennifer and Defendant Peggy's Unauthorized Transfer clouds Plaintiff's title to the Property. There is reasonable apprehension that if it is left outstanding, the November 2024 Interspousal Transfer Deed will cause serious injury and damages to the Plaintiff.

35.     Plaintiff is informed and believes and thereon alleges that because the Defendant Jennifer and Defendant Peggy's claims against the Property are based on actions that are in violation of the automatic stay and void as a matter of law.

36.     Plaintiff has no adequate remedy at law and therefore seeks a judicial decree of this Court compelling the Defendants to withdraw and cancel the November 2024 Interspousal Transfer Deed and quieting Plaintiff's title to the Property, as of the Petition Date as against any and all adverse claims of Defendant Jennifer and Defendant Peggy.

## THIRD CLAIM FOR RELIEF
### [Declaratory Relief]
### [11 U.S.C. §§ 362, 541; Fed. R. Bankr. P. 7001(9)]

*Against All Defendants*

37.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 36 as though set forth in full.

38.     Plaintiff and the Defendants herein have a dispute in which a declaration of their respective rights is necessary. Plaintiff is further informed and believes, and thereon alleges, that

the said disputes are actual and continuing, and concerns the continuing assertion by Defendants that their actions in respect to the Unauthorized Transfer of the Property were lawful and not enjoined, to the damage and prejudice of Plaintiff.

39.    Plaintiff is informed and believes and thereon alleges that the Property is property of the Estate and has been property of the Estate since the Petition Date.

40.    Plaintiff is informed and believes and thereon alleges that the Defendants intended actions which disrupted and depleted the Estate for which Plaintiff serves.

41.    Plaintiff is entitled to a declaration of the Court that the Property was property of the Estate on the Petition Date and that all Defendants were without right to transfer and/or aid in the transfer of the Property without the Trustee's consent or order of this Court.

42.    Plaintiff is entitled to a declaration of the Court that the November 2024 Interspousal Transfer Deed is void as a matter of law.

**FOURTH CLAIM FOR RELIEF**

**[Avoidance of Unauthorized Post-Petition Transfer and Recovery of Same]**

**[11 U.S.C. §§ 549, 550]**

*Against All Defendants*

43.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 as though set forth in full.

44.    Plaintiff is informed and believes and thereon alleges that after the Petition Date, the November 2024 Interspousal Transfer Deed were made to or for the benefit of Defendant Jennifer and Defendant Peggy.

45.    Plaintiff is informed and believes and thereon alleges that Defendant Jennifer and Defendant Peggy received the Unauthorized Transfer.

46.    Plaintiff is informed and believes and thereon alleges that the Unauthorized Transfer constitutes a transfer of property of the Estate.

47.    Plaintiff is informed and believes and thereon alleges that the Unauthorized Transfer made without the authority of the Plaintiff, the Bankruptcy Court, or any provision of the

Bankruptcy Code.

48.    Based on the foregoing, if the Unauthorized Transfer is not void under 11 U.S.C. § 362(a), then Plaintiff may avoid the Unauthorized Transfer and recover the Property for the benefit of the Estate from the Defendant Jennifer and Defendant Peggy pursuant to 11 U.S.C. §§ 549 and 550.

### FIFTH CLAIM FOR RELIEF

**[Preservation of Avoided Transfers]**

**[11 U.S.C. § 551]**

*Against All Defendants*

49.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 and 43 through 48 as though set forth in full.

50.    Plaintiff is informed and believes and thereon alleges that to the extent that the November 2024 Interspousal Transfer Deed is not void pursuant to 11 U.S.C, § 362(a), Defendant Jennifer and Defendant Peggy received avoidable transfers.

51.    Pursuant to 11 U.S.C. § 551, the Unauthorized Transfer is preserved for the benefit of the Estate.

### SIXTH CLAIM FOR RELIEF

**[Disallowance of Claims]**

**[11 U.S.C. § 502(d)]**

*Against All Defendants*

52.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 51 as though set forth in full.

53.    Plaintiff is informed and believes and thereon alleges that Defendants are entities from which property is recoverable under 11 U.S.C. §§ 362, 541, 542 & 550 and/or that Defendants received avoidable transfers under 11 U.S.C. § 549.

54.    Plaintiff is informed and believes and thereon alleges that Defendants have not paid the amount or turned over any such property for which Defendants are liable under 11 U.S.C. §

1  522(i), 542, 543, 550, 553 of the Bankruptcy Code.

2      55.    Pursuant to 11 U.S.C. § 502(d), to the extent Defendants file a claim against the

3  Debtor's Estate, such claim should be disallowed.

4  **PRAYER FOR RELIEF**

5  WHEREFORE, the Plaintiff prays for Judgment as follows:

6  **ON THE FIRST CLAIM FOR RELIEF**

7      1.    Making a judicial decree quieting Plaintiff's title to the Property, as of October 4,

8  2024, as against any and all adverse claims of the Defendants;

9  **ON THE SECOND CLAIM FOR RELIEF**

10      2.    Making a judicial decree canceling the November 2024 Interspousal Transfer Deed

11  or alternatively compelling its withdrawal;

12  **ON THE THIRD CLAIM FOR RELIEF**

13      3.    Declaring that the Property is property of the Debtor's bankruptcy estate for which

14  Plaintiff serves and that all Defendants were without right to transfer and/or aid in the transfer of

15  the Property without the Plaintiff's consent or order of this Court;

16  **ON THE FOURTH CLAIM FOR RELIEF**

17      4.    Alternatively, finding that the Unauthorized Transfer to Defendant Jennifer and

18  Defendant Peggy was an unauthorized transfer within the meaning of Section 549 of the

19  Bankruptcy Code, and avoiding said transfer;

20  **ON THE FIFTH CLAIM FOR RELIEF**

21      5.    That if the November 2024 Interspousal Transfer Deed was an unauthorized

22  transfer under Section 549 of the Bankruptcy Code, preserving said transfer for the benefit of the

23  Debtor's Estate for which the Trustee serves;

24  **ON THE SIXTH CLAIM FOR RELIEF**

25      6.    That if Defendants fail or refuse to turn over the Property, the Transfer, the DOT

26  Encumbrance, and/or the Proceeds, any claims of the Defendants shall be disallowed;

27      \\\

28

10

## <u>ON ALL CLAIMS FOR RELIEF</u>

7.    For prejudgment interest at the applicable legal rate;

8.    For attorney's fees and costs of suit herein incurred, see *Carmel Fin., LLC v. Schoenmann*, 622 F. Supp 3d 830, 847 (N.D. Cal. 2022) (attorney's fees available to bankruptcy trustee under Cal. Civ. Code § 1717 for any action involving a contract, including the avoidance of a contractual obligation); and

9.    For such other and further relief as the Court deems just and proper under the circumstances of this case.

Dated: November 14, 2024

Respectfully submitted by,

**GOE FORSYTHE & HODGES LLP**

By: /s/ Brandon J. Iskander
    Robert P. Goe
    Brandon J. Iskander
    Proposed Attorneys for Plaintiff Charles
    W. Daff, Chapter 7 Trustee for the
    bankruptcy estate of Debra Ann Guiliano
    aka Debra Ann Giuliano

**VERIFICATION**

I, Charles W. Daff, declare as follows:

1.      I am the Plaintiff in the above-entitled action.  I am the duly-appointed trustee for the bankruptcy estate of Debra Ann Guiliano aka Debra Ann Giuliano.  My business address is 2107 N. Broadway, Suite 308, Santa Ana, CA 92706.

2.      I have personal knowledge of the facts set forth herein, except as to those stated on information and believe and, as to those facts, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

3.      I make this declaration in support of my Verified Complaint ("Complaint") for (1) Quiet Title; (2) Cancelation of Instruments; (3) Declaratory Relief; (4) Avoidance of Unauthorized Post-Petition Transfer and Recovery of Same; (5) Preservation of Avoided Transfers; and (6) Disallowance of Claims.

4.      I have read the foregoing Complaint and the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 14, 2024 at Santa Ana, California

_____
Charles W. Daff, Chapter 7 Trustee for the
bankruptcy estate of Debra Ann Guiliano aka Debra
Ann Giuliano, Case No. 6:24-bk-15961-WJ

# EXHIBIT 1

# EXHIBIT 1

RECORDING REQUESTED BY:
Fidelity National Title I.E.
Order No. 00000942-991
Escrow No. 27297-AW
Parcel No. 2350-351-03-0-000
MAIL TAX STATEMENT
AND WHEN RECORDED MAIL TO:

PEGGY MARIE O'FARRELL
210 WOODGLEN PLACE
OAKLEY, CA 94561

Electronically Recorded in Official Records, County of San Bernardino    2/22/2013 10:22 AM BN



**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
743  Fidelity National Title Co.

Doc #: **2013-0077253**    Titles: 1    Pages: 2



| Fees | 28.00 |
| Taxes | 161.70 |
| Other | .00 |
| PAID | 189.70 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS $161.70
☒  computed on full value of property conveyed, or
☐  computed on full value less liens or encumbrances remaining at the time of sale.
☒  unincorporated area:

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**The Cane Family Trust, dated Nov. 25, 1994, Donald M.Cane and Maria Teresa Cane, Trustors/Trustees**

hereby GRANT(S) to  Peggy Marie O'Farrell, an unmarried woman and Jennifer Elizabeth O'Farrell,
a single woman, as Joint Tenants
the following described real property in the County of San Bernardino, State of California:

See Exhibit "A" attached hereto and made a part hereof

Date    February 7, 2013

The Cane Family Trust, dated Nov. 25, 1994, Donald M.
Cane and Maria Teresa Cane, Trustors/Trustees

By: Donald M. Cane, Trustor/Trustee

By: Maria Teresa Cane, /Trustor/Trustee

STATE OF CALIFORNIA                          }
                                             }S.S.
COUNTY OF Los Angeles                        }

On Feb 11 2013 , before me, Jennifer Lynn Martin, Notary Public
personally appeared _Donald M. Cane and Maria Teresa Cane_ who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____  (Seal)

JENNIFER LYNN MARTIN
Commission # 1881194
Notary Public - California
Los Angeles County
My Comm. Expires Feb 28, 2014

Mail Tax Statement to: SAME AS ABOVE or Address Noted Below

EXHIBIT 1                                              Page 1 of 2

PRELIMINARY REPORT
YOUR REFERENCE: 27297-AW

Fidelity National Title Company
ORDER NO.: 00000942-991-IE1-DE1

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SUGARLOAF, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

ALL OF THAT PORTION OF THE WEST ONE-HALF OF THE NORTHWEST ONE-QUARTER OF SECTION 24, TOWNSHIP 2 NORTH, RANGE 1 EAST, SAN BERNARDINO BASE AND MERIDIAN, AS PER GOVERNMENT SURVEY, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE WESTERLY LINE OF SANTA BARBARA AVENUE, AS SHOWN ON MAP OF TRACT NO. 1855, RECORDED IN BOOK 27 OF MAPS, PAGES 8 AND 9, RECORDS OF SAID COUNTY, THAT IS 40 FEET NORTH OF THE NORTHERLY LINE OF CAMP FONTENELLA, AS SHOWN ON MAP RECORDED IN BOOK 24 OF MAPS, PAGE 43, RECORDS OF SAID COUNTY; THENCE NORTH 585.00 FEET ALONG THE SAID WEST LINE OF SANTA BARBARA AVENUE; THENCE AT RIGHT ANGLES WEST 400.00 FEET; THENCE NORTH 149.63 FEET ON A LINE PARALLEL WITH SAID SANTA BARBARA AVENUE TO THE TRUE POINT OF BEGINNING; THENCE FROM THE TRUE POINT OF

BEGINNING CONTINUING NORTH 75.00 FEET TO A POINT THAT LIES SOUTH 74.20 FEET FROM THE SOUTH LINE OF THE NORTH 35.00 ACRES OF THE SAID WEST ONE-HALF OF THE NORTHWEST ONE-QUARTER OF SECTION 24, LYING WEST OF TRACT NO. 2001, RECORDED IN BOOK 29 OF MAPS, PAGE 38, RECORDS OF SAID COUNTY, AS SHOWN ON THE RECORD SURVEY RECORDED IN BOOK 19, PAGE 91, OF RECORD SURVEYS OF SAID COUNTY, THENCE AT RIGHT ANGLES EAST 100.00 FEET, THENCE SOUTH 75.00 FEET ON A LINE PARALLEL WITH THE WEST LINE OF SAID SANTA BARBARA AVENUE, THENCE AT RIGHT ANGLES WEST 100.00 FEET TO THE TRUE POINT OF BEGINNING.

APN: **2350-351-03-0-000**

CLTA Preliminary Report Form – Modified (11/17/06)

Page 3

EXHIBIT 1                                      Page 2 of 2

# EXHIBIT 2

# EXHIBIT 2

Recorded in Official Records, County of San Bernardino

RECORDING REQUESTED BY

Debra Ann O'Farrell

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS OTHERWISE
SHOWN BELOW, MAIL TAX STATEMENT TO:

| | |
|---|---|
| Name | Jennifer and Debra O'Farrell |
| Street Address | P.O Box 2817 |
| City & State Zip | Apple Valley CA 92307 |

Title Order No. n/a          Escrow No. n/a

2/18/2016
11:32 AM
TP
HES



**BOB DUTTON**
ASSESSOR – RECORDER – CLERK

P Counter

| Doc#: 2016 – 0062651 | Titles: 1 | Pages: 3 |
|---|---|---|
| | Fees | 21.00 |
| | Taxes | 0.00 |
| | Other | 0.00 |
| | PAID | $21.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Signed In Counterpart

# Grant Deed

THE UNDERSIGNED GRANTOR (S) DECLARE (S)                    APN: 2350-351-03

DOCUMENTARY TRANSFER TAX IS $ 0

☑ unincorporated area          City of Sugarloaf

☑ computed on full value of interest or property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at time of sale, and

FOR A VALUABLE CONSIDERATION,   receipt of which is hereby acknowledged,
Peggy Marie O'Farrell, an unmarried woman and Jennifer Elizabeth O'Farrell a single woman, as joint tenants

hereby GRANT(S) to
Peggy Marie O' Farrell, an unmarried woman , Jennifer Elizabeth O'Farrell and Debra Ann O'Farrell a married couple as Joint Tenants

the following described real property in the
*SEE EXHIBIT "A" attached hereto and made a part hereof*
County of San Bernardino                    , state of California

Dated 1/25/2016

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not
the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY   OF   San Bernardino

On   1-30-16                                        before me,
Allison Wade, notary Public
(here insert name and title of the officer)

,notary public, personally appeared
Jennifer Elizabeth O'Farrell
who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature  *Allison Wade*

*Peggy Marie O'Farrell*
Peggy Marie O'Farrell          *Peggy Marie O'Farrell*

Jennifer Elizabeth O' Farrell

Allison Wade
COMM. #2130456
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires Oct. 16, 2019

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE

EXHIBIT 2                                        Page 1 of 3

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**      **CIVIL CODE § 1189**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Contra Costa_ )

On _02/03/2016_ before me, _Vicki A Sexton, Notary Public_
       Date            *Here Insert Name and Title of the Officer*

personally appeared _Peggy Marie O'Farrell_
                *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Vicki A Sexton_
            *Signature of Notary Public*

[Notary Seal:]
VICKI A. SEXTON
COMM. # 1972286
NOTARY PUBLIC • CALIFORNIA
CONTRA COSTA COUNTY
My Commission Expires
April 13, 2016
BSC2

*Place Notary Seal Above*

──────────────────── **OPTIONAL** ────────────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Grant Deed_ Document Date: _1/25/16_
Number of Pages: _2_ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

PRELIMINARY REPORT
YOUR REFERENCE: 27297-AW

Fidelity National Title Company
ORDER NO.: 00000942-991-IE1-DE1

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SUGARLOAF, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

ALL OF THAT PORTION OF THE WEST ONE-HALF OF THE NORTHWEST ONE-QUARTER OF SECTION 24, TOWNSHIP 2 NORTH, RANGE 1 EAST, SAN BERNARDINO BASE AND MERIDIAN, AS PER GOVERNMENT SURVEY, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE WESTERLY LINE OF SANTA BARBARA AVENUE, AS SHOWN ON MAP OF TRACT NO. 1855, RECORDED IN BOOK 27 OF MAPS, PAGES 8 AND 9, RECORDS OF SAID COUNTY, THAT IS 40 FEET NORTH OF THE NORTHERLY LINE OF CAMP FONTENELLA, AS SHOWN ON MAP RECORDED IN BOOK 24 OF MAPS, PAGE 43, RECORDS OF SAID COUNTY; THENCE NORTH 585.00 FEET ALONG THE SAID WEST LINE OF SANTA BARBARA AVENUE; THENCE AT RIGHT ANGLES WEST 400.00 FEET; THENCE NORTH 149.63 FEET ON A LINE PARALLEL WITH SAID SANTA BARBARA AVENUE TO THE TRUE POINT OF BEGINNING; THENCE FROM THE TRUE POINT OF

BEGINNING CONTINUING NORTH 75.00 FEET TO A POINT THAT LIES SOUTH 74.20 FEET FROM THE SOUTH LINE OF THE NORTH 35.00 ACRES OF THE SAID WEST ONE-HALF OF THE NORTHWEST ONE-QUARTER OF SECTION 24, LYING WEST OF TRACT NO. 2001, RECORDED IN BOOK 29 OF MAPS, PAGE 38, RECORDS OF SAID COUNTY, AS SHOWN ON THE RECORD SURVEY RECORDED IN BOOK 19, PAGE 91, OF RECORD SURVEYS OF SAID COUNTY, THENCE AT RIGHT ANGLES EAST 100.00 FEET, THENCE SOUTH 75.00 FEET ON A LINE PARALLEL WITH THE WEST LINE OF SAID SANTA BARBARA AVENUE, THENCE AT RIGHT ANGLES WEST 100.00 FEET TO THE TRUE POINT OF BEGINNING.

APN: 2350-351-03-0-000

Page 3

CLTA Preliminary Report Form – Modified (11/17/06)

EXHIBIT 2                    Page 3 of 3

# EXHIBIT 3

# EXHIBIT 3

# CIV-201023-FAM-VS2000389-JFF-142002



## Scanned Document Coversheet

System Code: CIV
Case Number: VS2000389
Case Type: FAM
Action Code: JFF
Action Date: 10/23/20
Action Time: 2:20
Action Seq: 0002
Printed by: JHERR

> THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Family Law Judgment on DISSOLUTION OF MARRIAGE NO CHILDREN of O'FARRELL filed



NEW FILE

EXHIBIT 3                                    Page 1 of 14

**ORIGINAL**

FL-180

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, St...*
KERRIE C. JUSTICE CSBN: 202768
THE LAW OFFICE OF KERRIE C. JUSTICE, INC., APC
15427 ANACAPA ROAD
VICTORVILLE, CALIFORNIA 92392
TELEPHONE NO.: (760) 955-9746   FAX NO. *(Optional)*   (760) 955-9786
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:   DEBRA O'FARRELL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN BERNARDINO
STREET ADDRESS: 14455 CIVIC DRIVE
MAILING ADDRESS:
CITY AND ZIP CODE: VICTORVILLE, CALIFORNIA 92392
BRANCH NAME: VICTORVILLE DISTRICT

MARRIAGE OR PARTNERSHIP OF
PETITIONER: DEBRA O'FARRELL

RESPONDENT: JENNIFER O'FARRELL

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

OCT 23 2020

BY _____
JESSICA HERRING, DEPUTY

### JUDGMENT
[X] DISSOLUTION   [ ] LEGAL SEPARATION   [ ] NULLITY
   [ ] Status only
   [ ] Reserving jurisdiction over termination of marital or domestic
     partnership status
   [ ] Judgment on reserved issues   OCT 23 2020
Date marital or domestic partnership status ends:

CASE NUMBER:
FAMVS-2000389

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date)*:

2. This proceeding was heard as follows: [ ] Default or uncontested [X] By declaration under Family Code section 2336
   [ ] Contested [ ] Agreement in court
   a. Date:                    Dept.:             Room:
   b. Judicial officer *(name)*:                      [ ] Temporary judge
   c. [ ] Petitioner present in court     [ ] Attorney present in court *(name)*:
   d. [ ] Respondent present in court   [ ] Attorney present in court *(name)*:
   e. [ ] Claimant present in court *(name)*:              [ ] Attorney present in court *(name)*:
   f. [ ] Other *(specify name)*:

3. The court acquired jurisdiction of the respondent on *(date)*:   FEB 14 2020
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**
4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
      status of single persons
      (1) [X] on *(specify date)*:   OCT 23 2020
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify)*:

   d. [ ] This judgment will be entered nunc pro tunc as of *(date)*:
   e. [ ] Judgment on reserved issues.
   f. [ ] The [ ] petitioner's [ ] respondent's former name is restored to *(specify)*:
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
      *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
      court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
      of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a
      Child Support Order* (form FL-192) is attached.

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. July 1, 2012]

CEB Essential
ceb.com Forms

**JUDGMENT**
**(Family Law)**

Page 1 of 2
Family Code, §§ 2024, 2340,
2343, 2346
www.courts.ca.gov

O'FARRELL, DEBRA

FL-180

CASE NAME *(Last Name, first name of each):*
DEBRA O'FARRELL
JENNIFER O'FARRELL

CASE NUMBER
FAMVS-2000389

4. i. ☐ The children of this marriage or domestic partnership are:
   (1) ☐   Name                                                    Birthdate

   (2) ☐   Parentage is established for children of this relationship born prior to the marriage or domestic partnership
j. ☐ Child custody and visitation (parenting time) are ordered as set forth in the attached
   (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the information required by Family Code section 3048(a).
   (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).
   (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).
   (4) ☐ Previously established in another case. Case number:                           Court:
k. ☐ Child support is ordered as set forth in the attached
   (1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations required by Family Code section 4065(a).
   (2) ☐ *Child Support Information and Order Attachment* (form FL-342).
   (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).
   (4) ☐ Previously established in another case. Case number:                           Court:
l. ☒ Spousal, domestic partner, or family support is ordered:
   (1) ☐ Reserved for future determination as relates to   ☐ petitioner  ☐ respondent
   (2) ☐ Jurisdiction terminated to order spousal or partner support to   ☐ petitioner  ☐ respondent
   (3) ☐ As set forth in the attached *Spousal, Partner, or Family Support Order Attachment* (form FL-343).
   (4) ☒ As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.
   (5) ☐ Other *(specify):*

m. ☒ Property division is ordered as set forth in the attached
   (1) ☒ Settlement agreement, stipulation for judgment, or other written agreement.
   (2) ☐ *Property Order Attachment to Judgment* (form FL-345).
   (3) ☐ Other *(specify):*

n. ☒ Attorney fees and costs are ordered as set forth in the attached
   (1) ☒ Settlement agreement, stipulation for judgment, or other written agreement.
   (2) ☐ *Attorney Fees and Costs Order* (form FL-346).
   (3) ☐ Other *(specify):*

o. ☒ Other *(specify):*  SEE STIPULATED JUDGMENT OF DISSOLUTION OF MARRIAGE.

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:

5. Number of pages attached: 11

JUDICIAL OFFICER

☒ SIGNATURE FOLLOWS LAST ATTACHMENT

### NOTICE

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

CEB Essential Forms
ceb.com

**JUDGMENT**
(Family Law)

EXHIBIT 3

Page 2 of 2

O'FARRELL, DEBRA
Page 3 of 14

1 STIPULATED JUDGMENT OF DISSOLUTION OF MARRIAGE

2 CASE NO.        FAMVS-2000389

3 PETITIONER:    DEBRA O'FARRELL

4 RESPONDENT:    JENNIFER O'FARRELL

### I. JURISDICTION

The Court acquired jurisdiction on February 14, 2020, The parties were married on July 16, 2008, and separated on December 12, 2019, for a total length of marriage of eleven (11) years and five (5) months.

### II. CHILD CUSTODY AND VISITATION

There are no minor children of the marriage.

### III. SPOUSAL SUPPORT

A.    The Respondent is ordered to pay to the Petitioner for her support the sum of TWO HUNDRED FIFTY DOLLARS ($250.00) per month for spousal support, payable one-half on the first and one-half on the fifteenth days of each month, commencing November 01, 2020, and continuing until April 30, 2026, remarriage of Petitioner, death of either party or further order of Court, whichever shall first occur. Petitioner knowingly and intelligently waives her right, if any, to spousal support effective May 1, 2026. Thereupon, the Court's jurisdiction over the issue of spousal support shall be terminated.

B.    The Respondent knowingly and intelligently waives spousal support.

C.    Both parties are aware that either may have a right to spousal support from the other and that if the jurisdiction of this court over the issue of spousal support is terminated, neither will be able to seek such support from the court in the future. Being so informed, each party waives spousal support from the other and agrees that the court may terminate its jurisdiction over the issue of spousal support. The Parties understand that when a Court has no jurisdiction over support, no support can be ordered regardless of the hardship that this might cause. The Parties have carefully bargained for the absence of support as provided in this Judgment and the provisions of this section are intended to comply with the requirement of *In re Marriage of Vomacka* (1984) 36 Cal. 3d 459 and *In re Marriage of Brown* (1995) 35 Cal.App. 4th 785.

## IV.  CONFIRMATION OF SEPARATE PROPERTY

A.    The Court confirms the following property as the Petitioner's separate property:

    1)    All assets acquired by the Petitioner prior marriage and after separation;

    2)    All gifts and inheritance;

    3)    All personal papers and effects;

    4)    All debts incurred prior to marriage or after separation by Petitioner;

    5)    All rights to any retirement or disability that the Petitioner may have through her employment and any interest occurred therein;

    6)    All rights to any retirement or disability that the Petitioner IRA held with Wells Fargo;

    7)    The 2004 Ford F-350;

    8)    Wells Fargo Bank account.

B.    The Court confirms the following property as the Respondent's separate property:

    1)    All assets acquired by the Respondent prior marriage and after separation;

    2)    All gifts and inheritance;

    3)    All personal papers and effects;

    4)    All debts incurred prior to marriage or after separation by Respondent;

    5)    All interest in her Roadway retirement or disability that the Respondent may have through her employment and any interest occurred therein; and

    6)    Father's toolbox and family heirlooms;

## V.  DIVISION OF COMMUNITY PROPERTY

A.    The Petitioner shall be awarded as her sole and separate property and indemnify the Respondent of obligations owed on property awarded to Petitioner.  If either party is held liable for a debt not paid by the obligated party herein, that party may immediately recover from the defaulting party, the amount expended to defend any and all costs and expenses of the defaulting Judgment. The injured party would, upon proper proof of the amount, be able to file Abstracts or any other liens, garnishments or remedies that are available, to recover the damages from the defaulting party.

    1)    All household furniture, furnishings, and personal property in her possession, except as otherwise outlined herein;

2)     Any and all bank accounts currently in her possession or under his control;

3)     All rights in her retirement, 401K, I.R.A. and/or pensions through past, present and future employment and interest occurred therein.

4)     The 2019 Forrest River Trailer;

5)     The wooden carved bear;

6)     The residential property located at 9230 Willow Wells Road, California, Legally described as: **APN:0451-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, lot 10 of Tract No. 5665, in the unincorporated area of Lucerne Valley, County of San Bernardino, Sate of California as per Maps recorded in Book 104, Pages 99 to 100 of Maps, in the Office of the County Recorder of said County,** to include all furnishings, barn and swim spa;

7)     The IRA account held with Wells Fargo with an amount value of $12,000.00; and

8)     Conseco whole life insurance policy held in Petitioner's name.

B.     The Respondent shall be awarded as her sole and separate property and indemnify the Petitioner of obligations owed on property awarded to Respondent. If either party is held liable for a debt not paid by the obligated party herein, that party may immediately recover from the defaulting party, the amount expended to defend any and all costs and expenses of the defaulting Judgment. The injured party would, upon proper proof of the amount, be able to file Abstracts or any other liens, garnishments or remedies that are available, to recover the damages from the defaulting party.

1)     All household furniture, furnishings, and personal property in her possession, except as otherwise outlined herein;

2)     The Schools First Federal Credit Union and all other bank accounts currently in her possession or under her control;

3)     All rights in her retirement, 401K, I.R.A. and/or pensions through past, present and future employment and any interest occurred therein;

4)     All right to the YRC 401(k) Retirement Plans through her employment and any interest occurred there in.

3

EXHIBIT 3                                                    Page 6 of 14

5)   The life insurance policy held through employment, YRC Freight, Inc.;

6)   The residential property located at 323 Dixie Lee Lane, Sugarloaf, California
Legally described as: **APN: 2350-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, the land referred to herein
below is situated in the City of Sugarloaf, County of San Bernardino,
Sate of California, and is described as All of that portion of the West
one-half of the Westerly Line of Santa Barbara Avenue, a shown on Map
of Tract No. 1855, Recorded in Book 27 of Maps, Pages 8 and 9, Records
of said County, that is 40 feet North of the Northerly Line of Camp
Fonternella, as shown on Map Recorded in Book 24 of Maps, Pages3,
Records of said Cunty; Thence North 585.00 Feet Along the said West
Line fo Santa Barbara Avenue; Thence at the right angels West 400.00
Feet; thence North 149.63 Feet on the line Parallel with said Santa
Barbara Avenue to the true point of Beginning; Thence from the ture
point fo beginning continuing North 75.00 Feet to a point that lies South
74.20 Feet from the South line of the North 35.00 Acres of the said West
one-half of the Northwest one-quarter of section 24, Lying West of Tract
No. 2001, record survey recorded in Book 19, Page 91, of Record surveys
of said County, Then at Right Angles East 100.00 Feet, Thence South
75.00 Feet on West 100.00 Feet tot he true point of beginning;** to include
all furnishings;

7)   The Ford 545C Tractor;

8)   The 2014 Jeep Wrangler;

9)   The 2020 Kia Sorrento and any encumbrance owed thereon; and

10)   The 2005 Tahoe 5th Wheel.

///

///

///

///

4

EXHIBIT 3

## VI.  DIVISION OF COMMUNITY OBLIGATIONS

A.    The Petitioner shall pay the following community obligations and hold the Respondent free and harmless and indemnify therefrom:

     1)    All debts incurred prior to marriage or after separation by Petitioner;

     2)    All debts encumbering property awarded to Petitioner herein;

B.    The Respondent shall pay the following community obligations and hold the Petitioner free and harmless and indemnify therefrom:

     1)    All debts incurred prior to marriage or after separation by Respondent;

     2)    All debts encumbering property awarded to Respondent herein.

## VII.  ATTORNEY'S FEES

Each of the parties shall pay their own attorney's fees, expenses of litigation, and court costs, excepting those previously ordered.

## VIII.  HOLD HARMLESS PROVISION

In the event that one of the Parties is required by this Judgment to pay and hold the other harmless from some debts, and that party fails to hold the other free and harmless so that the other has to pay that debt, the other may deduct said payment from any funds owed by the other to the party who failed to pay the debt they were required to pay; provided, however, that one of the parties shall not pay such debt from the other without first advising the other of his or her intention to do so and waiting seven (7) days from the date such notice is given; and provided further, that the setoff provided herein shall not be allowed with regard to any claim or demand as to which within said seven (7) days that refusing party says that he or she has a legal defense to the debt, unless and until the asserted legal defense is decided or settled adversely to that breaching party.  This remedy is in addition to any other rights which may be available to the other party.

## IX.  DISCLAIMER OF REPRESENTATION REGARDING VALUE

The Parties have acquired various personal and real properties of speculative value.  It is understood by both that neither makes any representation to the other as to the value of any property, community or separate, and each relies upon his or her own investigation and judgement with respect to all property and all matters herein contained.

5

EXHIBIT 3                                          Page 8 of 14

## X.  WAIVER OF RIGHTS TO INHERIT BY WILL OR OTHERWISE

Except as specifically provided to the contrary in this Judgment, each party waives any and all rights to inherit any portion of the estate of the other, either by Will or by intestate succession. Further, each party waives the right to claim any family allowance or probate homestead. The Parties further agree that in the event either should receive or be entitled to receive any personal or real property, of any nature, under the Last Will and Testament of the other party, each and all of such real or personal property shall be received by the contracting party herein as trustee for the immediate heirs at law upon receipt thereof.

Provided, however, that this provision shall not present testamentary inheritance if the surviving party is specifically named in a Will or Trust agreement providing for the surviving spouse and said testamentary document was created, signed or otherwise reaffirmed after the effective date of the execution of this agreement.

## XI. ADVISEMENT

Each party should consider the immediate drafting and execution of a new Will and to review all property rights and employment benefits that have a survivorship or inheritance factor (such as life insurance, pensions, inter vivos trusts, joint tenancy, real and personal property and bank accounts), to ensure that said Will and said rights and benefits accurately reflect the current desires of such party in light of the action for dissolution and the effect of this Judgment.

## XII.  MUTUAL RELEASES

Except as otherwise expressly provided in this Judgment, each Party releases the other and the other's affiliates from any liabilities, debts or obligations and from any and all claims and demands, it being understood that by this Judgment, this Judgment is intended to settle all aspects of the parties' respective property rights.

## XII.  RETENTION OF JURISDICTION BY THE COURT

The Court reserves jurisdiction over the following:

A.      Any other property or debt of the community or separate property reimbursement claim later identified by either of the parties that is not specifically disposed of by this Judgment.

///

6

EXHIBIT 3                                Page 9 of 14

1      B.    The disposition of all property, whether real, personal or mixed, and all debts set forth

2   in this Judgment to enforce the terms of said Judgment, including, but not limited to: 1) the

3   appointment of a receiver or joinder of any parties that may be necessary or appropriate to effect the

4   proper disposition of the assets and liabilities set forth herein; and 2) the appointment of the Superior

5   Court Clerk to execute conveyance of any property.

6      C.    Supervise the payment of any obligation Ordered paid or allocated in this

7            judgment;

8      D.    Supervise the division of assets herein;

9      E.    Supervise the execution of any documents required or reasonably necessary to

10           carry out the terms of this judgment; and

11     F.    Supervise the overall enforcement of this judgment.

12                          **XIV. OTHER TERMS AND CONDITIONS**

13     A.    This Judgment and any other instrument(s) executed contemporaneously herewith

14   contain the final, complete and exclusive agreement between the Parties concerning the subject

15   matters covered and may not be altered, amended or modified except by a written stipulation signed

16   by both Parties. Any previous oral and/or written agreements between the Parties are entirely

17   superseded by this Judgment.

18     B.    No waiver of any breach of any of the terms or provisions of this Judgment shall be

19   construed to be a waiver of any preceding or succeeding breach of the same or any other provision

20   hereof.

21     C.    This Judgment is solely for the benefit for Petitioner, DEBRA O'FARRELL, and

22   Respondent, JENNIFER O'FARRELL. No third (3rd) party shall benefit by this Judgment.

23     D.    Should any section, provision or portion of this judgment be held to be invalid, illegal,

24   void or unenforceable, then such section, provision or portion shall be deleted from this Judgment,

25   and it shall be read as though such invalid, illegal, void or unenforceable section, provision or

26   portion was never included and the remainder of this Judgment, excluding such invalid, illegal, void

27   or unenforceable, provision or portion shall remain in full force and effect.

28   ///

7

EXHIBIT 3                                  Page 10 of 14

1    E.    This Judgment shall be construed and interpreted under and in accordance with the

2    laws of the State of California applicable to agreements made and to be wholly performed in the State

3    of California. California laws shall also govern the relationship between the Parties in connection

4    with any assets retained by the Parties as tenants in common with one another.

5    F.    Each provision of this Judgment is in consideration for each other provision;

6    G.    Each of the Parties shall, upon request, execute, acknowledge and deliver to the other

7    party herein, his or her heirs, executors, administrators or other representatives, any and all deeds,

8    contracts, releases, bills of sale or instruments that may now or hereafter be necessary or convenient

9    to enable either of the Parties to perfect title to or sell or dispose of any of the property real, personal

10   or mixed, that by reason of this Judgment or otherwise by law is the separate property of such party;

11   H.    The Clerk of the Superior Court of the County of San Bernardino shall be authorized

12   to act as a Commissioner and execute any documents required to be executed by either of the Parties

13   who shall fail to execute such document within fifteen (15) days after written demand therefor is

14   made.

15   I.    The present tense as used in the Judgment refers to matters as of its effective date.

16   J.    The captions of this Judgment are employed solely for convenience and are not to be

17   used as an aid in interpretation.  No provision of this Judgment is to be interpreted for or against

18   either party merely because that party or his or her lawyer drafted the provision.

19   K.    Whenever the singular number is used in this Judgment, when required by context,

20   it shall include the plural; and the masculine, feminine and neuter genders shall each include the

21   others, and the word "person" shall include corporation, firm, partnership, joint venture, trust or

22   estate.

23   L.    Should it be necessary for either party to bring an action in this or any other Court for

24   the enforcement of any provision of this judgment, the prevailing party in any such action shall be

25   entitled to and awarded from the other party his or her Attorney's fees and costs incurred in such

26   action.

27   ///

28   ///

8

EXHIBIT 3                                Page 11 of 14

1    M.    The Parties shall have the right to confirm on a continuing basis, compliance with all

2    provisions of this judgment.    Such confirmation may include, but is not limited to, periodic

3    notification by the insurer of the existence and terms of liability, medical and/or life insurance, to the

4    extent such insurance is provided for in this agreement; the identity of beneficiaries; direct

5    notification from the insurer of any failure to receive premiums or any other lapse in coverage for

6    any reason; and statements of accounts, payments made and delinquencies from creditors.  The other

7    party shall cooperate and do any act reasonably necessary to assist in such confirmation.

8    N.    The Parties agree that they shall live separate and apart and that except for the duties

9    and obligations imposed and assumed under this Judgment, each shall be free from interference,

10    authority and control of the other as fully as though he or she were single and unmarried, and each

11    may conduct, carry on, and engage in any employment profession, business or trade that to him or

12    her may see, advisable for his or her own use or benefit, without and free from any control, direct

13    or indirect, by the other party.

## XV.  OTHER ORDERS

15    A.    Each of the parties shall execute forthwith all of the documents necessary to carry out

16    the terms of this Judgment.  If either party fails to execute documents within two weeks of mailing,

17    the Clerk of the Court shall be authorized to do so upon notice.

18    B.    Each party is enjoined and restrained from:  Threatening, injuring, annoying,

19    molesting or harassing the other party to this action; contacting the other at the residence or place

20    of employment, except peaceful contact regarding visitation or in an emergency.

21    C.    Parties waive Statement of Decision and right to and time for appeal.

22    D.    Upon entry of the final decree in this case, the Petitioner shall be restored to her

23    former name of Debra Ann Morley.

24    ///

25    ///

26    ///

27    ///

28    ///

9

EXHIBIT 3                    Page 12 of 14

E.   Both parties acknowledge and waive their right to further discovery, including Family Law Code Section 2106, 2112 and the filing of the Declaration Regarding Service of Final Declaration of Disclosure and Income and Expense Declaration.   Family Code section 2105, subdivision (d), as amended by Stats 2001, ch 703 §4.

1)   Both parties have complied with Fam C §2104 (preliminary declarations of disclosure;) and the preliminary declarations have been completed and exchanged (Fam C §2105(d)(1);

2)   Both parties have completed and exchanged a current income and expense declaration that includes all material facts and circumstances about that party's earnings, accumulations, and expenses (Fam C §2105(d)(2);

3)   Both parties have fully complied with Fam C §2102 (fiduciary relationship) and have fully augmented the preliminary declarations of disclosure, including disclosure of all material facts and information about the characterization of all assets and liabilities, the valuation of all assets that are contended to be community has an interest, and the amounts of all obligations that are contended to be community obligations or for which it is contended the community has liability (Fam C §2105(d)(3));

4)   The waiver is knowingly, intelligently, and voluntarily entered into by each of the parties (Fam C §2105(d)(4)); and

///
///
///
///
///
///
///
///
///

10

EXHIBIT 3                                    Page 13 of 14

5)       Each party understands that the waiver does not limit the parties' legal disclosure obligations, but rather is a statement under penalty of perjury that those obligations have been fulfilled. Each party further understands that noncompliance with those obligations will result in the Court setting aside the Judgment. Fam C §2105(d)(5).

**THE FOREGOING IS AGREED TO BY:**

Dated: 10/6/2020

DEBRA O'FARRELL
Petitioner

Dated: 10/1/20

JENNIFER O'FARRELL
Respondent        Per CRC 2.305(d)

**APPROVED AS CONFORMING TO THE AGREEMENT OF THE PARTIES:**

Dated: 10/6/2020

KERRIE C. JUSTICE
Attorney for Petitioner

        Per CRC 2.305(d)

Dated: 10-6-20

LAURENCE J. BROCK
Attorney for Respondent

**IT IS SO ORDERED:**

Dated: **OCT 2 3 2020**

Judge/Commissioner of the Superior Court

CARLOS M. CABRERA, Judge

11

# EXHIBIT 4

# EXHIBIT 4



**San Bernardino County**

Offices of the Assessor-Recorder-Clerk

222 W Hospitality Lane

San Bernardino, CA 92415

(909) 387-8306 (855) REC-CLRK

**Receipt: 24-254547**

| Product | Name | | Extended |
|---|---|---|---|
| 0001 | DEED | | $20.00 |
| | | Document # | 2024-0266756 |
| | | # Pages | 3 |
| | | AB 1466 Fee | false |
| | | # of AB 1466 Exemptions | 1 |
| | | AB 1466 Exemption Reason | 2 |
| | | Print Return Address Label | false |
| SSCCFEE | SELF SERVICE CREDIT CARD FEE | | $2.00 |
| CreditCardServiceFee | | | $2.00 |

| **Total** | | | **$22.00** |
|---|---|---|---|
| Tender (Credit Card) | | | $22.00 |
| Transaction ID | | 22717030702 | |
| Service Fee | | $0.00 | |
| Credit Card # | | ************0758 | |
| Entry method | | Chip | |
| Auth Code | | 051418 | |
| Credit Card Invoice # | | BPI2344S422 | |

Signature

Thank You For Your Business

*Stefanie Sugarman*

Recording requested by (name):

JENNIFER O'FARRELL

When recorded mail to
and mail tax statements to:

JENNIFER O'FARRELL

PO BOX 1158

SUGARLOAF, CA 92386

Recorded in Official Records
San Bernardino County

Assessor-Recorder-County Clerk

DOC # 2024-0266756

11/06/2024        Titles: 1  Pages: 3
03:15 PM
SAN               Fees:     $20.00
                  Taxes:    $0.00
K1583             CA SB2 Fee: $0.00
                  Total:    $20.00

Recorder's Use Only

# INTERSPOUSAL TRANSFER DEED

*(Excluded from reappraisal under California Constitution, Article 13A, Section 1, et seq.)*

**Docu. Trans. Tax: $** NONE    **City Trans. Tax:** NONE
- [ ] Computed on full value of property conveyed
- [ ] Computed on full value less liens and encumbrances assumed
- [x] Exempt pursuant to R&T § 11927(a), transferring assets between spouses pursuant to or in contemplation of a court judgment or order
- [ ] Other exemption: R&T Code _____
  Explanation: _____
- [ ] Unincorporated  [x] City of SUGARLOAF

_____
*Signature of Declarant or Agent determining tax*

**Declaration of Exemption From GC § 27388.1 Fee**
- [ ] Transfer is exempt from fee per GC § 27388.1(a)(2):
  - [ ] transfer is subject to Documentary Transfer Tax
  - [x] transfer of residential dwelling to owner-occupier
- [ ] Transfer is exempt from fee per GC 27388.1(a)(1):
  - [ ] $225.00 fee cap  [ ] Not related to real property

**Assessor's Parcel No. (APN):**
2350-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

This is an interspousal transfer and not a change in ownership under Section 63 of the Revenue and Taxation Code. Grantee has checked the applicable exclusion from reappraisal:

- [ ] Transfer to a trustee for the beneficial use of a spouse, or the surviving spouse of a deceased transferor, or by a trustee of such a trust to the spouse of the trustor.
- [ ] Transfer which takes effect upon the death of a spouse.
- [x] Transfer to a spouse or former spouse in connection with a property settlement agreement or decree of dissolution of a marriage or legal separation.
- [ ] Creation, transfer, or termination, solely between spouses, of any co-owner's interest.
- [ ] Distribution of a legal entity's property to a spouse or former spouse in exchange for the interest of such spouse in the legal entity in connnection with a property settlement agreement or a decree of dissolution of a marriage or legal separation.
- [ ] Other: _____

- [x] **Check when creating separate property interest in grantee spouse:** It is the express intent of the grantor, being the spouse of the grantee, to convey all right, title and interest of the grantor, community or otherwise, in and to the herein described property to the grantee as his/her sole and separate property.

GRANTOR(S) DEBRA ANN GIULIANO (wata O'FARRELL)                                      hereby
grant(s) to GRANTEE(S) PEGGY O'FARRELL, AN UNMARRIED WOMAN, AND JENNIFER O'FARRELL, A MARRIED WOMAN AS HER SOLE & SEPARATE PROPERTY  as
JOINT TENANTS WITH RIGHT OF SURVIVORSHIP                (form of title) the following real property in
the City of SUGARLOAF_____, County of SAN BERNARDINO_____, California
(insert legal description): 323 DIXIE LEE LANE (SEE ATTACHMENT "A" LEGAL DESCRIPTION)

Date: 11/05/24_____

_____
(Signature of declarant)
DEBRA ANN GIULIANO (wata O'FARRELL)
_____
(Print name)
AKA Debra Giuliano

Date: _____

_____
(Signature of declarant)
_____
(Print name)

EXHIBIT 4                                      Page 2 of 4

## ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of _San Bernardino_ )

On _November 5, 2024_ before me, _Carmen Medina - Notary Public_
(insert name and title of the officer)

personally appeared _Debra Giuliano_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

(Seal)

Signature _____

CARMEN MEDINA
Notary Public · California
San Bernardino County
Commission # 2416421
My Comm. Expires Sep 17, 2026

EXHIBIT 4                    Page 3 of 4

# ATTACHMENT "A"

**<u>323 Dixie Lee Lane, Sugarloaf, California 92386</u>**

**LEGALLY DESCRIBED** AS:

APN 2350-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 THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SUGARLOAF, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AND IS DESCRIBED AS ALL OF THAT PORTION OF THE WEST ONE-HALF OF THE WESTERLY LINE OF SANTA BARBARA AVENUE, AS SHOWN ON MAP OF TRACT NO. 1855, RECORDED IN BOOK 27 OF MAPS, PAGES 8 AND 9, RECORDS OF SAID COUNTY, THAT IS 40 FEET NORTH OF THE NORTHERLY LINE OF CAMP FONTANELLE, AS SHOWN ON MAP RECORDED IN BOOK 24 OF MAPS, PAGES 3, RECORDS OF SAID COUNTY; THENCE NORTH 585.00 FEET ALONG THE SAID WEST LINE OF SANTA BARBARA AVENUE; THENCE AT THE RIGHT ANGLES WEST 400.00 FEET; THENCE NORTH 149.63 FEET ON THE LINE PARALLEL WITH SAID SANTA BARBARA AVENUE TO THE TRUE POINT OF BEGINNING; THENCE FROM THE TRUE POINT OF BEGINNING CONTINUING NORTH 75.00 FEET TO A POINT THAT LIES SOUTH 74.20 FEET FROM THE SOUTH LINE OF THE NORTH 35.00 ACRES OF THE SAID WEST ONE-HALF OF THE NORTHWEST ONE-QUARTER OF SECTION 24, LYING WEST OF TRACT NO. 2001, RECORD SURVEY RECORDED IN BOOK 19, PAGE 91, OF RECORD SURVEYS OF SAID COUNTY, THEN AT RIGHT ANGLES EAST 100.00 FEET, THENCE SOUTH 75.00 FEET ON WEST 100.00 FEET TO THE TRUE POINT OF BEGINNING.

EXHIBIT 4                                      Page 4 of 4